HEARD APRIL TERM, 1873.

STATE *vs.* RAILROAD CORPORATIONS.

An Act which requires every railroad company within the State to pay to the Treasurer, for the use of the State, a sum of money, determined by the length of its road, is a tax upon property, and is unconstitutional and void, because not laid upon the value of the property.

IN THE CRIMINAL COURT OF CHARLESTON, OCTOBER TERM, 1872.

The case is stated in the opinion of the Court.

*Porter & Connor, Barker*, for appellants.

*Whipper*, Solicitor, contra.

Aug. 18, 1873.   The opinion of the Court was delivered by

.MOSES, C. J.   These were indictments, the first against the South Carolina Railroad Company, and the second against the Northeastern Railroad Company, under the seventh Section of the "Act to provide for a general license law," 15 Stat., 199, which reads as follows : " Every railroad company or corporation in this State shall be required to pay into the Treasury of the County in which its principal office within the State is located, for the use of the State, the following respective sums, to wit : Every company or corporation, the length of whose main track and branches, together, is greater than two hundred and fifty miles, the sum of twelve hundred and fifty dollars." The Section then proceeds to fix various rates according to a standard, the measure of which is the length of the road and its branches. The seventeenth Section declares it a misdemeanor to carry on any business or occupation named in the Act without first complying with its requirements,

and prescribes the punishment. The respective appellants, now before the Court, were severally indicted for a violation of the provision of the said Section, convicted, and a fine imposed, on the one of twenty-two hundred and fifty dollars, and on the other of seventeen hundred and fifty dollars. Error is assigned, as well in the instructions of the presiding Judge to the jury as in his refusal to charge as requested by the counsel for the defense. In the view which we take of the grounds submitted, it will only be necessary to notice the refusal of the Court to instruct the jury that the Act imposes a tax, and is unconstitutional and void, because all property subject to taxation must be taxed in proportion to its value.

The Section of the Act on which the indictments are founded adjusts and fixes the amount to be paid into the Treasury by the length of the road. It is a tax imposed on the road as property. It is not laid on its income, or any franchise or privilege, but measured solely by the "length of the main track and branches." To what extent the capital stock, the dividends thereon, and the property of the said companies may be exempt from taxation by their respective charters, it is unnecessary here to enquire. If they are not thereby exempted, they are not subject to the imposition, for the non-payment of which the indictments have been preferred, for, so far as the provisions of the Act seek to make railroad companies amenable to it, in the way and manner it proposes, it is unconstitutional and void. The conclusion is so clear and undeniable that we shall content ourselves with a mere reference to the clauses of the Constitution which forbid the levy of any tax on property except in proportion to its value.

Section 36, Article I, declares that "all property subject to taxation shall be taxed in proportion to its value."

Section 33, Article II, that "all taxes upon property, real or personal, shall be laid upon the actual value of the property taxed, as the same shall be ascertained by an assessment made for the purpose of laying such tax."

Section 1, Article IX, that "the General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall provide such regulations as shall secure a just valuation for taxation of all property, real, personal and possessory, except mines and mining claims, the proceeds of which alone shall be taxed; and also excepting such property as may be exempted by

law for municipal, educational, literary, scientific, religious or charitable purposes."

Article IX, Section 6, that " the General Assembly shall provide for the valuation and assessment of all lands, and the improvements thereon, prior to the assembling of the General Assembly of one thousand eight hundred and seventy, and thereafter in every fifth year."

The motion to arrest the judgment is granted.

*Wright,* A. J., and *Willard,* A. J., concurred.